UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Karen Elliott,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.:1:14-cv- 844 |
| | ) |
| **CACH, LLC, and Taylor Law, PLLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Karen Elliott, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, CACH, LLC., (hereinafter referred to as "CACH"), is a debt collection agency and/or debt purchaser operating from an address at 4340 S. Monaco Street, Second Floor, Denver, CO 80237.

14. The Defendant is a debt collection agency but the Defendant is **NOT** licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. The Defendant, Taylor Law PLLC, (hereinafter referred to as "Taylor", together with CACH as "Defendants"), is a debt collection agency and/or debt purchaser operating from an address of 10172 Linn Station Rd., Suite 400, Louisville, KY 40223.

16. The Defendant is a debt collection agency but the Defendant is NOT licensed by the State of Indiana. *See Exhibit "2" attached hereto.*

17. Defendants regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. The Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

19. The Defendants are debt collection agencies attempting to collect a debt from Plaintiff.

20. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

21. The debt owed by Plaintiff went into default.

22. After the debt went into default the debt was placed or otherwise transferred to the Defendants for collection.

23. The Plaintiff disputes the debt.

24. The Plaintiff requests that the Defendants cease all further communication on the debt.

25. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

26. The Defendants acted at all times mentioned herein through its employee(s) and/or representative(s).

27. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

28. On March 7, 2014, the Defendants filed a lawsuit against the Plaintiff in an attempt to collect a debt.

29. On May 16, 2014, a judgment was entered against the Plaintiff.

30. On or about May 20, 2014, the Plaintiff contacted Defendant Taylor via telephone call. *See Exhibit "3" attached hereto*.

31. During the aforementioned telephone call, the Plaintiff stated that she would be filing bankruptcy.  The Defendant's responded by stated that the Plaintiff could not file because a judgment had been entered against her.  *See Exhibit "3" attached hereto*.

32. The Defendant Taylor therefore misrepresented the Plaintiff's legal rights in an attempt to collect a debt from her.

33. Additionally, the representative of Defendant Taylor was not an attorney, and by stating that the Plaintiff could not file bankruptcy because of a judgment being entered against her was engaging in the unlawful practice of law in an attempt to collect a debt.

34. Defendant Taylor was acting as the agent for Defendant CACH in its attempts to collect a debt from the Plaintiff.

35. The principal is liable for the acts of the agent done within the scope of employment. Since Defendant Taylor was engaged by Defendant CACH to attempt to collect an alleged debt, CACH is liable for Defendant's Taylor's acts in its attempts to collect said debt.

36. The Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 36 of the complaint are realleged and incorporated herewith by references.

2. The Defendants violated 15 U.S.C. § 1692e by wrongfully advising the Plaintiff that she was unable to file for bankruptcy protection because a judgment was entered in its attempt to collect a debt from her.

3. The Defendants' acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by wrongfully advising the Plaintiff that she was unable to file for bankruptcy protection because a judgment was entered in its attempt to collect a debt from her.

4. The Defendants' acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by wrongfully advising the Plaintiff that she was unable to file for bankruptcy protection because a judgment was entered in its attempt to collect a debt from her.

5. The Defendants' acts and omissions constitutes a violation of 15 U.S.C. § 1692d.

6. The Defendants' acts and omissions constitutes a violation of 15 U.S.C. § 1692e.

7. The Defendants' acts and omissions constitutes a violation of 15 U.S.C. § 1692f.

8. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendants violated the FDCPA and/or an admission from the Defendants that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.


Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com